John P. McEntee (JM4450)
David A. Scheffel (DS4035)
Walter J. Johnson (WJ9265)
FARRELL FRITZ, P.C.
*Attorneys for Plaintiff*
  *New York Islanders Hockey Club, L.P.*
EAB Plaza
West Tower, 14th Floor
Uniondale, New York 11556
(516) 227-0700

COPY

RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ APR 0 2 2004 ★

ENTERED

★────────★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
NEW YORK ISLANDERS HOCKEY CLUB, L.P.,

       Plaintiff,

  - against -

BRIDGEPORT PROFESSIONAL SPORTS, L.L.C., d/b/a
BRIDGEPORT SOUND TIGERS

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT**

CV 04 1383

WEXLER, J.

ORENSTEIN, M.

Plaintiff New York Islanders Hockey Club, L.P. ("Islanders"), by and through its attorneys, Farrell Fritz, P.C., for its Complaint against defendant Bridgeport Professional Sports, L.L.C., d/b/a Bridgeport Sound Tigers ("Sound Tigers"), alleges as follows:

**NATURE OF THE ACTION**

1.   The Islanders, a major league professional hockey team, entered into a five-year written agreement with the Sound Tigers whereby the Sound Tigers became the primary developmental minor league hockey affiliate of the Islanders. Under the express terms of the agreement, the Sound Tigers were required to, among other things, make certain payments to the Islanders, including a payment of $950,000 for the 2003-2004 contract year, and to secure one or more lines of credit to secure a portion of the payments due under the agreement. The Sound

Tigers have failed to pay the amounts due under the agreement and to secure the required letter(s) of credit. They have accordingly breached the agreement, resulting in this action for (1) breach of contract; (2) account stated; and (3) *quantum meruit*.

## JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

3. The matter in controversy exceeds $75,000, exclusive of interest and costs and there is diversity of citizenship between the parties.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a).

## PARTIES

5. Plaintiff owns and operates a professional hockey team in the National Hockey League ("NHL"), which has teams in various cities through out the United States and Canada. Plaintiff is a New York limited partnership with a principal place of business in Plainview, New York.

6. Defendant owns and operates a professional minor league hockey team in the American Hockey League ("AHL"), which has teams in various cities through out the United States and Canada. Defendant is, upon information and belief, a Connecticut limited liability company with a principal place of business in Bridgeport, Connecticut.

## FACTS CONCERNING ALL CLAIMS FOR RELIEF

7. On July 1, 2000, the Islanders and the Sound Tigers entered into an Affiliation Agreement whereby the Sound Tigers became the primary developmental minor league hockey affiliate of the Islanders.

8. The Affiliation Agreement is for a term of five years, commencing July 1, 2001 and ending June 30, 2006.

9. Under the Affiliation Agreement, the Islanders agreed to and did provide certain services and equipment to the Sound Tigers.

10. In consideration for the Islanders' performance under the Affiliation Agreement, the Sound Tigers agreed to, among other things, make certain payments to the Islanders ("Annual Payments") as follows:

| | |
|---|---|
| 2001-2002 | $900,000 |
| 2002-2003 | $900,000 |
| 2003-2004 | $950,000 |
| 2004-2005 | $950,000 |
| 2005-2006 | $1,050,000 |

11. Under the Affiliation Agreement, the Annual Payments were to be paid in eight consecutive substantially equal monthly installments ("Installment Payments"), beginning on September 1 and on the first day of each month thereafter through April 1. This schedule applied for each contract year, except contract year 2003-2004, for which the Sound Tigers were permitted, as an accommodation, to make seven consecutive substantially equal Installment Payments, payable October 15, 2003; November 15, 2003; December 15, 2003; January 1, 2004; February 1, 2004; March 1, 2004; and April 1, 2004.

12. To secure the prompt payment of its obligations to the Islanders, the Sound Tigers had an obligation, under paragraph "4" of the Affiliation Agreement, to obtain one or more irrevocable letters of credit ("Required Letter(s) of Credit") in favor of the Islanders in an amount of no less than one-half of the Annual Payments for each contract year.

13. The Sound Tigers have failed and refused to secure the Required Letter(s) of Credit.

14. The Affiliation Agreement further provides that:

> <u>Failure to Pay; Late Payments</u>. In the event that either party fails to perform any obligation or make any payment provided for herein (a "Defaulting Party"), the other party may, but without any obligation to do so, perform such obligation or make such payment on the Defaulting Party's behalf, and the party performing such obligation or making such payment shall be entitled to recover, on demand, the amount thereof and all expenses associated therewith from the Defaulting Party, together with interest from the date incurred until the date of payment by the Defaulting Party, at a rate of one and one-half percent (1.5%) per month. Any other payment required to be made pursuant to this Agreement which is not made within fifteen (15) days following the date when due shall be subject to a late payment fee equal to one and one-half percent (1.5%) per month of the amount overdue from the date due until the date of payment.

15. The Sound Tigers have paid the Islanders only $224,177 of the Annual Payment of $950,000 for the 2003-2004 contract year, leaving a balance due the Islanders of $725,823, plus interest.

16. Despite repeated demands, the Sound Tigers have failed and refused to pay to the Islanders the outstanding balance of the Annual Payment for the 2003-2004 contract year.

17. The Affiliation Agreement provides, in paragraph "3(m)," that in the event the Sound Tigers qualify for the AHL playoffs the Sound Tigers must remit to the Islanders one-half of the Sound Tiger's net playoff gate receipts ("Playoff Remittances"), as defined in that paragraph, and further provides that the Sound Tigers will pay the Islanders $25,000 ("Winning Percentage Payment") each time the Sound Tigers complete the AHL regular season with a winning percentage of .600 or greater.

18. On or about March 28, 2004 the Sound Tigers qualified for the AHL playoffs for the 2003-2004 contract year and presently have a winning percentage of greater than .600 with only a few games remaining in the regular season.

19. The Islanders have performed all of their obligations under the Affiliation Agreement.

4

## FIRST CLAIM FOR RELIEF

(Breach of Contract: Money Damages)

20. The Islanders repeat and reallege each and every allegation contained in paragraphs "1" through "19" as if fully set forth herein.

21. The Sound Tigers have defaulted in their obligation under the Affiliation Agreement to make timely payment of the Installment Payments for the 2003-2004 contract year (the "Default"), thereby damaging the Islanders in the amount of $725,823, plus interest.

22. The Default is a breach of the Affiliation Agreement.

23. By reason of the foregoing, the Islanders are entitled to a money judgment against the Sound Tigers in the amount of $725,823, together with default rate interest at the rate of 18% as provided for in the Affiliation Agreement.

## SECOND CLAIM FOR RELIEF

(Breach of Contract: Money Damages)

24. The Islanders repeat and reallege each and every allegation contained in paragraphs "1" through "19" as if fully set forth herein.

25. The Sound Tigers have advised the Islanders they will not be able to timely make the payments due under the Affiliation Agreement, including the Playoff Remittances and the Winning Percentage Payment.

26. This failure is a breach of the Affiliation Agreement.

27. By reason of the foregoing, the Islanders are entitled to a money judgment against the Sound Tigers in an amount to be determined at the trial of this action, together with default rate interest at the rate of 18% as provided for in the Affiliation Agreement.

## THIRD CLAIM FOR RELIEF

(Breach of Contract: Specific Performance)

28. The Islanders repeat and reallege each and every allegation contained in paragraphs "1" through "19" as if fully set forth herein.

29. The failure of the Sound Tigers to obtain the Required Letter(s) of Credit is a breach of the Affiliation Agreement.

30. The Islanders have no adequate remedy at law.

31. By reason of the foregoing, the Islanders are entitled to a judgment directing the Sound Tigers to specifically perform their obligation under paragraph "4" of the Affiliation Agreement to provide one or more irrevocable letters of credit to the Islanders.

## FOURTH CLAIM FOR RELIEF

(Account Stated)

32. The Islanders repeat and reallege each and every allegation contained in paragraphs "1" through "19" as if fully set forth herein.

33. At various times, the Islanders delivered to the Sound Tigers invoices indicating an outstanding balance due to the Islanders for the 2003-2004 contract year.

34. The Sound Tigers retained the above invoices and failed to refute any particular item contained therein.

35. These invoices constitute an account stated, and upon such account stated, a balance of $725,823 is due to the Islanders.

36. The Sound Tigers have failed and refused to pay the $725,823 account stated, despite due demand therefor.

37. By reason of the foregoing, the Islanders are entitled to a money judgment against the Sound Tigers in the amount of $725,823, together with default rate interest at the rate of 18% as provided for in the Affiliation Agreement.

## FIFTH CLAIM FOR RELIEF

(Quantum Meruit)

38. The Islanders repeat and reallege each and every allegation contained in paragraphs "1" through "19" as if fully set forth herein.

39. Pursuant to the Affiliation Agreement, the Islanders have provided the Sound Tigers with goods and services during the 2003-2004 contract year in an amount not less than $950,000.

40. Of this amount of goods and services, only $224,177 has been paid, leaving a balance due and payable to the Islanders in the amount of $725,823.

41. Despite the Islanders' due demand therefor, no part of the $725,823 has been paid.

42. By reason of the foregoing, the Islanders are entitled in *quantum meruit* to a money judgment against the Sound Tigers in the amount of $725,823, with interest.

**WHEREFORE**, Plaintiff New York Islanders Hockey Club, L.P. demands judgment against Defendant Bridgeport Professional Sports, L.L.C., as follows:

a. On the First Claim for Relief, a money judgment in the amount of $725,823 plus all accrued and unpaid interest at the rate of 18% from and after October 15, 2003;

b. On the Second Claim for Relief, a money judgment in an amount to be determined at the trial of this action, plus all accrued and unpaid interest at the rate of 18%;

c. On the Third Claim for Relief, a judgment directing the Sound Tigers to specifically perform their obligation under paragraph "4" of the Affiliation Agreement to provide one or more irrevocable letters of credit to the Islanders;

d. On the Fourth Claim for Relief, a money judgment in the amount of $725,823 plus all accrued and unpaid interest at the rate of 18% from and after October 15, 2003;

e. On the Fifth Claim for Relief, a money judgment in the amount of $725,823 plus all accrued and unpaid interest at the rate of 18% from and after October 15, 2003 ;

f. On the First, Second, Third, Fourth and Fifth Claims for Relief, all Plaintiff's expenses, costs and fees, including attorneys' fees, relating to this action; and

g. Such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: Uniondale, New York
April 2, 2004

                                         FARRELL FRITZ, P.C.

By: _____
John P. McEntee (JM4450)
David A. Scheffel (DS4035)
Walter J. Johnson (WJ 9265)
*Attorneys for Plaintiff*
  *New York Islanders Hockey Club, L.P.*
EAB Plaza
West Tower, 14th Floor
Uniondale, New York 11556
(516) 227-0700

FFDOCS1\571141.02